**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION**


**THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE COMPANY,**                                    **PLAINTIFF**


**v.**                                          **No. 6:26-cv-06036-SOH**

**ARTHUR BROUSSARD;
QUAPAW BATHS, LLC d/b/a
QUAPAW BATHS & SPA**                                             **DEFENDANTS**


## COMPLAINT FOR DECLARATORY JUDGMENT

Comes Plaintiff, The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"), by and through its attorneys, RMP LLP, and for its Complaint for Declaratory Judgment, states as follows:

### I.    Parties, Jurisdiction, and Venue

1.    Cincinnati is a Delaware corporation, with its principal place of business in Ohio.

2.    Arthur Broussard was at all relevant times a resident and citizen of Sulphur, Calcasieu Parish, Louisiana.

3.    Quapaw Baths, LLC, d/b/a Quapaw Baths & Spa ("Quapaw") is an Arkansas corporation with its principal place of business in Arkansas.

4.    Cincinnati issued a commercial general liability policy to Quapaw.  In the current action, Plaintiff seeks to have the Court determine its obligation to defend and indemnify Quapaw, in the Garland County, Arkansas, Circuit Court, case number 26CV-26-392.  (Exhibit A, Complaint.)

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because Plaintiff and the Defendants are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is proper because the events which give rise to the current action allegedly occurred in Garland County, Arkansas, which is within this judicial district.

## II.  The Underlying Complaint

7.      Broussard claims that he was exposed to Legionella bacteria in the water system at Quapaw during a visit on or about May 2, 2024.  (Ex. A, ¶¶ 11, 24.)

8.      Broussard alleges he developed Legionnaire's disease as a result of this exposure.  (Ex. A, ¶ 18.)

9.      Broussard is seeking recovery against Quapaw for his alleged personal injuries from the Legionella exposure.  (Ex. A, ¶ 64.)

10.     Broussard includes many irrelevant allegations in his Complaint that are specifically targeted at avoiding the relevant exclusions in Cincinnati's policy.

11.     Those allegations are not factual allegations that must be accepted as true and are irrelevant to this declaratory judgment.

12.     The only fact that is relevant is that Broussard is seeking damages from Quapaw for exposure to Legionella bacteria via inhalation on May 2, 2024.

## III.     The Insurance Policy

13.     Cincinnati issued a commercial general liability policy to Quapaw with effective dates of June 2, 2023, to June 2, 2024.  The policy was identified as policy number CSU0189808.  (Exhibit B, Policy.)

14.     The policy identifies Quapaw as the sole named insured.  (Ex. B, pg. 1.)

15.    Cincinnati's declaratory judgment action is filed relating to two exclusions that both exclude coverage.

16.    The Cincinnati policy contains an exclusion for communicable, contagious, or infectious diseases, identified as CSGA 306 04 20:

**A.** The following exclusion is added to Paragraph 2**. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I - Coverage B - Personal And Advertising Injury Liability**:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "per- sonal and advertising injury" caused by or arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, ingestion of, absorption of, exposure to, or presence of any communicable virus, infectious virus, communicable disease, contagious disease or infectious disease regardless of whether any other cause or event contributed concurrently or in any sequence to such injury or damage.

**2.** The cost or expense of recall, abatement, mitigation, removal, disposal, testing or monitoring of products, stock, feed, feed additives, animals, or of any premises or equipment handling such items as a result of any known or suspected connection with any communicable virus, infectious virus, communicable disease, contagious disease or infectious disease, whether such items are owned by any insured or by others, and whether located at any insured's premises or anywhere else.

**3.** Any loss, cost or expense arising out of any:

**a.** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of or presences of any communicable virus, infectious virus, communicable disease, contagious disease or infectious disease; or

**b.** Claim, "suit", fines or demands by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of any communicable virus, infectious virus, communicable disease, contagious disease or infectious disease.

**4.** Any supervision, instruction, recommendation, warning or advice given or which should have been given in connection with any communicable virus, infectious virus, communicable disease, contagious disease or infectious disease.

**5.** Any obligation to share damages with or repay someone else who must pay damages.

(Ex. B, pg. 56.)

17.    The Cincinnati policy contains an exclusion for Fungi or Bacteria identified as

CSGA 361 06 08:

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

**2.** Exclusions This insurance does not apply to: Fungi or Bacteria

   **a.** "Bodily injury", "property damage" or "personal and advertising injury" caused directly or indirectly, in whole or in part, by any actual, alleged or threatened:

   **(1)** Inhalation of;
   **(2)** Ingestion of;
   **(3)** Contact with;
   **(4)** Absorption of;
   **(5)** Exposure to;
   **(6)** Existence of; or
   **(7)** Presence of,

any "fungi" or bacteria on or within a building or structure, including its contents, whether occurring suddenly or gradually;

   **b**. Any loss, cost or expense associated in any way with, or arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, mitigating or disposing of, or in any way responding to, investigating, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity;

   **c.** Any liability, with respect to "fungi" or bacteria, arising out of, resulting from, caused by, contributed to, or in any way related to any supervision, instruction, recommendation, warning or advice given or which should have been given in connection with:

   **(1)** The existence of "fungi" or bacteria;
   **(2)** The prevention of "fungi" or bacteria;
   **(3)** The remediation of "fungi" or bacteria;
   **(4)** Any operation described in Paragraph A. 2. b. above;
   **(5)** "Your product"; or
   **(6)** "Your work"; or

   **d.** Any obligation to share damages with or repay any person, organization or entity, related in any way to the liability excluded in Paragraphs **A. 2. a., b.** or **c**. above;

regardless of any other cause, event, material, product and / or building component that contributed concurrently or in any sequence to the injury or damage.

However this exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for human ingestion.

**C.** For the purposes of this endorsement, **SECTION V - DEFINITIONS** is amended to include the following:

- 4 -

"Fungi" means any type or form of fungus, and includes, but is not limited to, any form or type of mold, mushroom or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

(Ex. B, pg. 60.)

### IV.    Potential Duty to Defend or Indemnify

18.    Under Arkansas law, which applies in this diversity action, an insurer only has a duty to defend where the allegations in a complaint allege conduct that potentially falls within the coverage of a liability policy.  An insurer only has a duty to indemnify when an injured party actually recovers against the insured for a loss within the policy's coverage.

19.    Although Cincinnati has a duty to defend and potentially indemnify insureds against certain claims, those claims must allege "bodily injury" or "property damage" caused by an "occurrence" during the policy period.  Coverage for such claims must also not be excluded under the terms of the policy Cincinnati issued.

20.    Here, Cincinnati does not believe Broussard's Complaint falls within the coverage afforded by its policy.

21.    First, Legionnaire's disease is an infectious disease, so the exclusion for bodily injuries caused by infectious diseases applies.

22.    Second, Legionella bacteria is a bacteria, so the exclusion bodily injuries caused by bacteria applies.

23.    For these reasons and others that may become known during the discovery process in this action, Cincinnati respectfully requests that the Court enter a declaratory judgment finding that it has neither a duty to defend nor indemnify Quapaw in connection with the claims alleged against it by Broussard.

WHEREFORE, The Cincinnati Specialty Underwriters Insurance Company respectfully requests that the Court enter a declaratory judgment finding that it has neither a duty to defend nor

- 6 -

indemnify Quapaw Baths, LLC, d/b/a Quapaw Baths & Spa in connection with the claims alleged in the Broussard Complaint, and that it be given all relief to which it is entitled.

Respectfully submitted,

**RMP LLP**
P.O. Box 241370
17901 Chenal Parkway, Suite 200
Little Rock, AR 72223
501-954-9000 (phone) / 501-954-9005 (fax)
zhill@rmp.law

BY: _____
ZACHARY R. HILL, ABN 2019132
*Attorney for Plaintiff, The Cincinnati Specialty Underwriters Insurance Company*

- 6 -